# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **Ben Shahbaz,** ) | |
| **Plaintiff,** ) | |
| ) | No. 3:22-cv-00003 |
| v. ) | |
| ) | |
| **Proforce Equipment, Inc.,** ) | |
| **Defendant.** ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant, Proforce Equipment, Inc., by and through its undersigned counsel, hereby files this Notice of Removal in the United States District Court, Eastern District of Tennessee, from the Los Angeles, California Superior Court. In the support thereof, Proforce Equipment, Inc. states as follows:

### I. THE COMPLAINT AND STATE COURT PROCEEDINGS

1. Plaintiff, Ben Shahbaz ("Plaintiff"), commenced an action in the Los Angeles County, California Superior Court, titled Ben Shabbaz v. Proforce Equipment, Inc., and assigned Case Number 21STLC08450 (the "State Court Action"). Plaintiff has not made a demand for trial by jury.

2. Plaintiff's Complaint was filed on November 29, 2021.

3. Proforce Equipment, Inc. was served by certified mail on December 7, 2021 at their place of business in Knoxville, Tennessee. A copy of the Complaint and all papers served on Plaintiff to date is attached as Exhibit A. The Summons and Complaint constitute all process,

pleadings, and orders served to date upon Proforce Equipment, Inc. in the State Court Action. The date of service, December 7, 2021, constitutes the first date upon which Plaintiff had actual notice of the State Court Action.

4. To date, Proforce Equipment, Inc. has not filed an appearance or a responsive pleading in the State Court Action.

5. The Notice of Removal is filed within (30) days of Proforce Equipment, Inc.'s receipt of the Complaint, and is timely filed under 28 U.S.C. § 1445(b).

## II. PROFORCE EQUIPMENT, INC. HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. Removal is proper under 28 U.S.C. § 1441(e), which provides that civil actions over which "the district courts of the United States have original jurisdiction" may be removed to a district court "where the action could have been brought."

7. Plaintiff served Proforce Equipment, Inc. with a copy of the summons and Complaint on December 7, 2021.

8. Proforce Equipment, Inc. has filed this Notice of Removal within 30 days of service, and the Notice is, therefore, timely filed. See 28 U.S.C. § 1446(b).

9. Venue in this Court is proper because pursuant to 28 U.S.C. § 1441(e)(1)(B), "the defendant is a party to an action which is or could have been brought" in United States District Court, Eastern District of Tennessee. Proforce Equipment, Inc.'s business operates in Knoxville Tennessee, which is in the Eastern District of Tennessee.

10. No previous notice of removal has been filed in this case.

11. Proforce Equipment, Inc. has filed this Notice of Removal with this Court, and certifies that on this day it is also serving a copy of this Notice upon the Plaintiff's pro se, as well

as filing a copy of the Notice with the Los Angeles County, California Superior Court, in accordance with 28 U.S.C. § 1446(d). A copy of the Notice with the Los Angeles County, California Superior Court is attached as Exhibit B.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION BASED UPON COMPLETE DIVERSITY OF CITIZENSHIP PURSUANT TO 28 U.S.C. § 1332

12. Plaintiff's Complaint does not specifically identify the citizenship of Plaintiff on the face of the Complaint. However, Plaintiff lists his mailing address as 1507 Arlington, Los Angeles, CA, 90012. He also cites several California Civil Codes including the UNRUH Civil Rights Act as some of the basis for his complaint against Proforce Equipment, Inc., and those code sections protect the rights of California citizens. Plaintiff is a citizen of California.

13. Plaintiff, in his complaint, lists Proforce Equipment, Inc.'s business as being located at 8913 Linksvue Drive, Knoxville, TN 37922-5254. This is the address where Proforce Equipment, Inc. was served by certified mail. By Plaintiff's admission, Proforce Equipment, Inc. is a citizen of Tennessee.

14. There exists complete diversity between Plaintiff and Proforce Equipment, Inc. This action may be removed to this Court by Defendant, Proforce Equipment, Inc., pursuant to 28 U.S.C. § 1441 because Proforce Equipment, Inc. is not a citizen of the State of California.

15. Further, the amount in controversy according to Plaintiff's Complaint exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's Complaint explicitly states Plaintiff is seeking a minimum of $4,000 statutory damages for "each particular occasion" of access denial under the California UNRUH Civil Rights Act.

16. Plaintiff cites numerous examples of defects in Proforce Equipment, Inc.'s website including navigation, menu problems, keystrokes operation and many others. In fact,

one example states that each image and non-text element must have an alternate text that serves the equivalent purpose. Upon information and belief, Proforce Equipment, Inc.'s website has over 100 missing non-text elements. Were Plaintiff to succeed, they would be entitled to an award of over $400,000 ($4,000 each for over 100 particular occasions).

17. Additionally Plaintiff's claim, they name 50 Doe Defendants. If Plaintiff were successful in proving their case against all 50 Doe Defendants, they could be awarded $20,000,000 in statutory damages ($400,000 each against 50 Doe Defendants).

18. Plaintiff's Complaint further states Plaintiff is also seeking the recovery of court costs, costs of private service, special damages and attorney's fees.

19. The amount-in-controversy requirement is met when complaints filed in state courts include allegations where the plaintiff has asserted it is seeking more than $75,000 as the amount in controversy. Moore v. GM Co., No. 2:15-cv-02816-STA, 2016 U.S. Dist. LEXIS 15987, at *5 (W.D. TN, Feb. 10, 2016) (denying a motion to remand a case to state court where the plaintiff's complaint alleged she was asserting a claim against GM for "$2 million in damages" with the court stating, "Plaintiff's undisputed statement [in the complaint] about the value of the amount in controversy establishes that the minimal jurisdictional threshold of this court has been met, and remand is not appropriate."); Summit Properties Partnership v. Advance Stores Co., Inc., no. 3:18-cv-497-TAV-DCP, 2019 WL 2359568, at *3 (E.D. TN, June 4, 2019) (denying a motion to remand a case removed to federal court from state court).

20. Attorney's fees and punitive damages may be taken into account in determining the amount in controversy. Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc., no. 3:10-cv-151, 2011 U.S. Dist. LEXIS 46988, at *25 (E.D. TN, April 29, 2011) (including the plaintiff's

demand for attorney fees and punitive damages when assessing whether the amount in controversy amount had been satisfied).

21. "[A] Defendant's Notice of Removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81 (2014).

22. Thus, from the face of the Complaint, Plaintiff has asserted claims which seek damages well in excess of $75,000.

23. While Proforce Equipment, Inc. contends the allegations in Plaintiff's Complaint are without merit and Plaintiff is entitled to no recovery whatsoever, the amount in controversy in this case exceeds the $75,000 jurisdictional limit established in 28 U.S.C. § 1332, exclusive of interest and costs.

24. Proforce Equipment, Inc. denies the allegations contained in Plaintiff's Complaint. Proforce Equipment, Inc. files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

**IV. RESERVATION OF RIGHTS**

25. In making the allegations in this Notice of Removal, Proforce Equipment, Inc. does not concede in any way that the allegations in the Complaint are accurate, Plaintiff has asserted claims upon which relief may be granted, or the recovery of any of the amounts sought is authorized or appropriate.

26. Proforce Equipment, Inc. reserves the right to amend or supplement this Notice of Removal.

27. WHEREFORE, all of the prerequisites for removal having been met, Defendant Proforce Equipment, Inc. respectfully removes this action from the Los Angeles, California

Superior Court to the United States District Court for the Eastern District of Tennessee, as provided by law.

Respectfully submitted on this the 4th day of January, 2022.

**BENNETT HIRSCHHORN, ESQ (BPR #025937)**
Attorney for Defendant
800 South Gay Street, Suite 700
Knoxville, TN 37929

## CERTIFICATE OF SERVICE

I certify that I hand mailed by email to heather@ghdoxservices.com and via certified and regular first-class mail, properly addressed, a true and correct copy of this paper to the person listed below at the address below:

**Ben Shahbaz**  111 North Hill Street
**Plaintiff**   Los Angeles, CA 90012

This the 4th day of January, 2022.

**BENNETT HIRSCHHORN, ESQ**